**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH WILSON,

      Plaintiff,

v.                                    Case No. ___15-853_____ _____

PAUL HINKS, RICHARD WESTBURY,
SYMBION POWER LLC, HART INTERNATIONAL,
and its successor, CHELSEA HOLDINGS,

      Defendants.

SYMBION POWER, LLC,

      Counterclaimant,

v.

JOSEPH WILSON,

      Counterclaim-Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant and Counterclaimant Symbion Power LLC, gives notice of the removal of this matter from the First Judicial District Court in Santa Fe County, New Mexico, to the United States District Court for the District of New Mexico. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, such that Defendant may remove to this Court as provided in 28 U.S.C. § 1441(b), because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. § 1441(a) and § 1446(a), this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the District of New Mexico is the federal judicial district encompassing Santa Fe County, New Mexico, the

1

district in which Plaintiff Joseph Wilson ("Plaintiff") filed his Complaint for Fraud, Breach of

Contract, and Civil Conspiracy ("Complaint").

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon

counsel for Plaintiff and will be filed with the Clerk of the First Judicial District in Santa Fe

County, New Mexico.

In further support of this notice, Symbion Power LLC states the following:

## CASE BACKGROUND AND TIMELINESS OF REMOVAL

1.      On September 1, 2014, Plaintiff filed his Complaint in the First Judicial District

Court in Santa Fe County, New Mexico, alleging fraud, breach of contract, and civil conspiracy

against Defendants. The action initiated by the Complaint was assigned cause number D-101-

CV-2015-01994. A copy of the Complaint is attached as Exhibit A.

2.      In his Complaint, Plaintiff names Paul Hinks, Richard Westbury, Symbion Power

LLC, Hart International and its successor, Chelsea Holdings, as separate defendants.

3.      Summons have not yet been issued by the state court.

4.      Without waiving any arguments regarding Plaintiff's failure to serve the

Complaint on the other Defendants, counsel for Symbion Power LLC accepted service and

entered its appearance on September 14, 2015. In turn, this Notice of Removal is timely pursuant

to 28 U.S.C. Section 1446(b) ("The notice of removal of a civil action or proceeding shall be

filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is

based, or within 30 days after the service of summons upon the defendant if such initial pleading

has then been filed in court and is not required to be served on the defendant, whichever period is

shorter").

5.      Symbion Power LLC is an American company engaged in the construction and operation of electric infrastructure in difficult areas of the world, as well as other business activities. Symbion Power LLC is located in Washington, D.C.

### The Parties are Diverse

6.      As alleged in the Complaint, "Plaintiff is, and at all times relevant hereto has been, a resident of Santa Fe County, New Mexico." Compl. ¶ 1; attached hereto as Exhibit A.

7.      Paul Hinks is the founder and Chief Executive Officer of Symbion Power LLC. Answer ¶ 8; attached hereto as Exhibit B. Mr. Hinks is a citizen of the United Kingdom and resident of New York, New York. *Id.* ¶ 2.

8.      Richard Westbury is a citizen of the United Kingdom and a resident of Cyprus. Answer ¶ 3; attached hereto as Exhibit B.

9.      On information and belief, the entity referred to as "Hart International" is Hart Security Ltd., a corporation organized under the laws of Cyprus with its principal place of business at Limassol, Cyprus.

10.      On information and belief, the entity referred to as "Chelsea Group" is R.W. Chelsea Holdings Ltd, a corporation organized under the laws of Cyprus with its principal place of business at Limassol, Cyprus.

11.      Symbion Power LLC is a foreign limited liability company organized under the laws of Delaware. *See* Answer Ex. A, B, and C (Documents from of Delaware Secretary of State); attached hereto as Exhibit B.

12.      Symbion Power LLC is a citizen of Delaware for purposes of diversity jurisdiction. *Zufelt v. Isuzu Motors Am., L.C.C.*, 727 F. Supp. 2d 1117, 1127 (D.N.M. 2009) ("A limited liability company is a citizen of every state of citizenship of any of its members.");

*Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members") (internal quotation marks and citation omitted). Paul Hinks and Richard Westbury are citizens of the United Kingdom. Hart Security Ltd and R.W. Chelsea Holdings Ltd. are citizens of Cyprus. Therefore, as Plaintiff is a citizen of New Mexico, there is complete diversity of citizenship between Plaintiff and Defendants.

### The Amount in Controversy Exceeds $75,000.00

13.     Upon information and belief, the amount in controversy in this action exceeds $75,000, exclusive of interests and costs. Generally, the amount in controversy for removal of jurisdiction is determined by reference to allegations in the plaintiff's complaint. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal"). Where complaint does not demand a dollar amount, the United States Supreme Court recently ruled that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

14.     Plaintiff seeks damages based on claims of fraud, breach of contract, and civil conspiracy. *Id.* ¶¶ 41-57. Plaintiff alleges, *inter alia*, that Defendants "failed to make thirteen monthly compensation payments to [Plaintiff]." *See* Compl. ¶ 35; attached hereto as Exhibit A. As Plaintiff's monthly compensation was $20,000.00, the amount in controversy is at least

$280,224.00. *See* Plaintiff's August 2015 Invoice; attached hereto as Exhibit C. *See also* Plaintiff's June 29, 2015, Demand Letter; attached hereto as Exhibit D.

15.     While the allegations of Plaintiff's Complaint do not specify a dollar amount of claimed damages and without waiving any applicable defenses, the amount in controversy exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a) given the nature of the claims asserted.

16.     As required by D.N.M.LR-Civ. 81.1(a) of the Local Rules of the United States District Court for the District of New Mexico, copies of all pleadings filed in the state court will be filed within twenty-eight (28) days.

## CONCLUSION

17.     For the reasons stated above, Symbion Power LLC respectfully requests that this Court take jurisdiction of this action to its conclusion and final judgment to the exclusion of any further proceedings in the state action.

18.     Symbion Power LLC reserves the right to submit additional evidence in support of this Notice of Removal should Plaintiff move to remand.

19.     By virtue of this Notice of Removal, Symbion Power LLC does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

Respectfully submitted,

**MONTGOMERY AND ANDREWS, P.A.**

By: \_\_\_\_/s/ Stephen S. Hamilton_____
      Stephen S. Hamilton
      Lucas P. Conley
Post Office Box 2307
Santa Fe, New Mexico  87501-2307
(505) 986-2649
shamilton@montand.com

*Attorneys for Defendant and*
*Counterclaimant Symbion Power LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2015, a true and correct copy of the forgoing was

served via the Court's electronic system and via U.S. First Class Mail, postage prepaid, on the

following counsel of record:

Brian Egolf
Egolf + Ferlic + Day, LLC
123 West San Francisco Street
Santa Fe, New Mexico 87501
brian@egolflaw.com

*Attorney for Plaintiff*

/s/ Stephen S. Hamilton_____
Stephen S. Hamilton