FILED IN MY OFFICE
DISTRICT COURT CLERK
9/1/2015 5:11:03 PM
STEPHEN T. PACHECO
Veronica Rivera

STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE

JOSEPH WILSON,
    Plaintiff,

v.                       D-101-CV-2015-01994
                     No. ~~D-101-CV-2015-~~_____

PAUL HINKS,
RICHARD WESTBURY,
SYMBION POWER,
HART INTERNATIONAL, and its successor,
CHELSEA HOLDINGS,
    Defendants.

## COMPLAINT FOR FRAUD, BREACH OF CONTRACT, and CIVIL CONSPIRACY

COMES NOW Joseph Wilson, by and through his counsel Egolf + Ferlic + Day, LLC (Brian Egolf), to complain against Paul Hinks ("Defendant Hinks" herein), Richard Westbury ("Defendant Westbury" herein) and Symbion Power, Hart International and Chelsea Holdings ("Symbion" herein) for damages arising from the Defendants' actions constituting fraud against Mr. Wilson, the Defendants' breach of contract, damages arising from Mr. Wilson's detrimental reliance on statements and promises made by the Defendants, and damages owing to Mr. Wilson for the value of services provided by him to the Defendants. Defendant Hinks, on behalf of himself personally as well as Symbion, fraudulently made statements to Mr. Wilson known to the Defendants to be false for the purpose of causing Mr. Wilson to rely on them to his damage and detriment. The Defendants have breached a contract for the provision of Mr. Wilson's services to the Defendants by failing to pay Mr. Wilson for services rendered to the Defendants. The Defendants have conspired to cause damage to Mr. Wilson. As grounds for this complaint, Mr. Wilson respectfully states the following:

                                                                                                                         **Exhibit A**

## Jurisdiction and Venue

1. The Plaintiff is, and at all times relevant hereto has been, a resident of Santa Fe County, New Mexico, United States of America.

2. Defendant Paul Hinks is a foreign national and, on information and belief, is a resident of New York, New York.

3. Defendant Richard Westbury is a foreign national and, on information and belief, is a resident of Limassol, Cyprus.

4. Symbion is, on information and belief, a group of corporations organized under the laws of Cyprus. It's wholly owned subsidiary, Symbion Power Services, LLC is organized under the laws of Delaware and has its principal place of business in Washington, D.C., United States of America.

5. All events giving rise to this petition took place in Santa Fe County, New Mexico or unknown locations via electronic communication directed to and arriving in Santa Fe County, New Mexico.

6. Venue rests in this Court pursuant to NMSA 1978 § 38-3-1(G) (1988).

7. This Court has jurisdiction as a Court of general jurisdiction in the State of New Mexico.

## Facts

8. The allegations of paragraphs 1-7 are incorporated herein.

9. Mr. Wilson is a retired United States Foreign Officer and United States Ambassador.

10. During his service to the United States, Mr. Wilson served many years in Africa and developed a unique knowledge of the continent, its nations, leaders, and economy.

11. Mr. Wilson also developed a positive reputation in the United States and abroad for his ability to achieve success in difficult negotiations under adverse circumstances.

12. Mr. Wilson is known as a leading voice on foreign affairs and the United States' relationship with African nations.

13. Mr. Wilson is known as an American expert on foreign affairs and international economic and business matters.

14. Mr. Wilson's endorsement of a business enterprise or his affiliation with a business endeavor is widely seen by those in and out of the private sector as being of great value to such an enterprise or endeavor.

15. Defendant Hinks is a founder of Symbion and serves as its Chief Executive Officer.

16. Defendant Westbury is a founder of Symbion and serves as its Chairman.

17. Symbion is an enterprise that holds itself out as an "American" developer of electrical power generation, transmission and distribution.

18. Following his retirement from the United States Foreign Service, Mr. Wilson and his family moved to Santa Fe, New Mexico to pursue new opportunities in the private sector.

19. After Mr. Wilson's relocation from the greater Washington, D.C. area to Santa Fe, New Mexico, Defendant Hinks approached Mr. Wilson in Santa Fe about obtaining his assistance with the Defendants' and Symbion's efforts to pursue projects in Africa

relating to the generation and transmission of electricity, and to secure U. S. government support of Symbion's efforts in Africa.

20. Beginning in early 2009, Defendants informed Mr. Wilson of their plans to seek agreements with the United States government and governments in Africa whereby the Defendants would be contracted to provide electric power to the African nations and their citizens on a long-term basis.  Defendants and other senior Symbion officers represented to Mr. Wilson and through him to American and foreign officials that Symbion was an "American" company and therefore should benefit from official government support and preferential treatment for its business efforts, said efforts appropriate only for American companies and not foreign competitors.

21. At all times relevant hereto, Defendants Hinks and Westbury were acting on their own behalf and as agents of Symbion within the scope of their employment.

22. Defendant Hinks and Defendant Westbury made many statements and presentations to Mr. Wilson regarding their plans and their ability to execute such plans, construct power generation facilities, construct transmission infrastructure and obtain financing for the same.

23. The Defendants represented to Mr. Wilson on multiple occasions that Symbion and its affiliated entities were "American companies," which they are not.

24. The Defendants represented to Mr. Wilson on multiple occasions that they, Symbion, and other affiliated companies had the substantial financial resources and professional expertise and experience needed in order to initiate and diligently pursue its plan of generating and transmitting power throughout Africa.

25. Based on the representations of the Defendants, Mr. Wilson agreed to join Symbion as a paid director, and subsequently as non-Executive Chairman of Symbion, Africa, which the Defendants represented would be an "American Company," which it is not and never was.

26. Mr. Wilson agreed his duties would include, among other things, working to assist the Defendants in creating relationships with the United States government and African governments and businesses that would enable the Defendants to obtain contracts to construct electricity generation and transmission facilities.

27. Mr. Wilson also agreed to assist the Defendants with the creation and cultivation of relationships with the American private and public sectors in order to facilitate the Defendants' business plans in Africa.

28. Mr. Wilson also agreed to advise the Defendants on any matters within his knowledge or expertise as needed or requested by the Defendants.

29. In June, 2009, Mr. Wilson, Defendant Hinks and Symbion agreed in Santa Fe, New Mexico that Mr. Wilson would become a paid director of Symbion and would pursue duties as described above and as directed by the Defendants.

30. The agreement reached in Santa Fe in June, 2009, and subsequently amended when Mr. Wilson agreed to assume the responsibilities of non-executive Chairman of Symbion, Africa, included terms relating to the amount of Mr. Wilson's compensation, the nature of his duties, and how his expenses were to be reimbursed.

31. Following this agreement, Mr. Wilson began to perform the duties as understood between the parties to the June 2009 agreement.

32. Following this agreement, the Defendants began to honor their obligations as understood between the parties to the June 2009 agreement, including the payment to Mr. Wilson of the agreed-upon compensation and reimbursement of expenses.

33. Following the initial agreement in June, 2009, the Defendants sent to Mr. Wilson an email on April 10, 2012 reaffirming and confirming the nature of the agreement between the parties.

34. Beginning August 1, 2014, the Defendants failed to pay Mr. Wilson his agreed-upon compensations for services rendered.

35. As of August 1, 2015, the Defendants have failed to make thirteen monthly compensation payments to Mr. Wilson.

36. Mr. Wilson has learned that many of the statements made by the Defendants to Mr. Wilson were false.  Included among these statements were the claims by the Defendants that Symbion was an "American Company;" and that the Defendants possessed the financial resources and the professional experience and expertise to diligently pursue their operations and plans in Africa, On information and belief, the Defendants made these statements to Mr. Wilson with the knowledge that the statements were false, or with reckless disregard of the falsity of the statements.

37. On information and belief, the Defendants planned among themselves to make such false statements as necessary it induce Mr. Wilson to become a director of Symbion and begin to advance the Defendants' interests.

38. On information and belief, the Defendants made such false statements to Mr. Wilson for the purpose of causing Mr. Wilson to rely on the statements and to take the actions on behalf of the Defendants as described above.

39. Mr. Wilson relied on the false statements of the Defendants to his detriment, to wit: Mr. Wilson lost business opportunities because of his reliance on the false statements of the Defendants; Mr. Wilson has suffered financial loss due to his reliance on the false statements made by the Defendants; and Mr. Wilson has suffered injury to his relationships with various leaders in the public and private sectors as a direct and proximate result of his affiliation with the Defendants, which would not have existed but for the false statements of the Defendants.

40. On information and belief, the Defendants have enjoyed tremendous benefits as a direct and proximate result of their affiliation with and employment of Mr. Wilson. Such benefits include, but are not limited to, financial gains accruing to the Defendants from contracts obtained through the efforts of Mr. Wilson, financial gains accruing to the Defendants as a result of new ventures that have resulted from the efforts of Mr. Wilson on behalf of the Defendants; and other benefits as will be proven at trial.

**Count One: Fraud**

41. The allegations found in paragraph 1-40 are incorporated herein.

42. Defendants Hinks and Westbury, at all times acting on their behalf and as agents of Symbion, made statements to Mr. Wilson that: 1) Symbion and its affiliated companies

were "American Companies," 2) the Defendants, Symbion and its affiliated companies had accumulated sufficient capital and professional experience and expertise to initiate and diligently pursue power generation, transmission and distribution projects in Africa, 3) the Defendants, Symbion and its affiliated companies had access to additional capital as needed in order to diligently pursue power generation, transmission and distribution projects in Africa, and 4) the Defendants, Symbion and its affiliated companies were well-financed and could meet their obligations.

43. The Defendants knew, at the time they made these statements, that they were false and/or they made the statements in reckless disregard of their falsity.

44. The Defendants made the statements with the intent to deceive Mr. Wilson.

45. Mr. Wilson, upon hearing these statements, agreed to join Symbion as a director and subsequently as non-Executive Chairman and to perform services on its behalf at the direction of the Defendant and Symbion.

## Count Two: Breach of Contract

46. The allegations of paragraphs 1-45 are incorporated herein.

47. In June 2009, the Defendants and Mr. Wilson entered into a contract whereby Mr. Wilson would serve as a director of Symbion, and subsequently as non-Executive Chairman of Symbion Africa, and work, at the direction of the Defendants, to advance the interests of the Defendants.

48. The terms of contract included the rate of compensation to be paid to Mr. Wilson, the manner in which he would be reimbursed for expenses, and the nature of his job duties.

49. Both parties to the contract performed their obligations until the Defendants failed to pay Mr. Wilson beginning on September 1, 2014.

50. There was no notice of the Defendants' intention not to pay Mr. Wilson or any explanation for the non-payment.

51. Mr. Wilson has not breached the contract and has performed his duties faithfully.

52. As a result of the Defendants' breach of contract, Mr. Wilson has suffered damages.

### Count Three: Civil Conspiracy

53. The allegations of paragraphs 1-52 are incorporated herein.

54. On information and belief, the Defendants, prior to making to Mr. Wilson the statements referred to above and prior to entering into a contract with Mr. Wilson, conspired among themselves to commit fraud against Mr. Wilson.

55. On information and belief, at all relevant times Defendant Westbury knew of the statements that were made to Mr. Wilson, encouraged the statements to be made, and worked in concert with Defendant Hinks and Symbion to have the statements made to Mr. Wilson.

56. On information and belief, the Defendants worked in concert with one another for the purpose of obtaining Mr. Wilson's services through fraud.

57. As a direct and proximate act of the conspiracy, Mr. Wilson has suffered – and continues to suffer – damages.

WHEREFORE, Mr. Wilson respectfully prays that the Court enter judgment in his favor and against the Defendants for fraud, breach of contract and civil conspiracy.  Mr. Wilson further respectfully requests that the Court include in its judgment against the Defendants all compensatory damages owed to Mr. Wilson, punitive damages, his reasonable attorney's fees and his costs of action.

Respectfully Submitted,

Egolf + Ferlic + Day, LLC

By: _____
Brian Egolf
128 Grant Avenue, Third Floor
Santa Fe, New Mexico  87501
(505) 986-9641
Brian@EgolfLaw.com