IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH WILSON,

    Plaintiff,

v.                                                                                             1:15-cv-00853-MV-LF

PAUL HINKS, RICHARD WESTBURY,
SYMBION POWER, HART INTERNATIONAL,
And its successor CHELSEA HOLDINGS,

    Defendants.

and

SYMBION POWER LLC,

    Counterclaimant,

v.

JOSEPH WILSON,

    Counterclaimant-Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON
PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AND
DEFENDANT PAUL HINKS' MOTION TO SET ASIDE CLERK'S DEFAULT**

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. 8) and Defendant Paul Hinks' Motion and Memorandum to Set Aside Clerk's Default and to Either Dismiss This Action as to Claims Asserted against Him or Quash the Defective Service of Process (Doc. 9).  District Judge Martha Vasquez referred these motions to me on March 28, 2016, to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the District Court an ultimate disposition.  *See* Doc. 23.  For the reasons discussed

below, I recommend the Court DENY the Motion for Entry of a Default Judgment (Doc. 8), and GRANT the Motion to Set Aside Clerk's Default (Doc. 9).

Plaintiff asserts that he served the authorized agent for defendant Paul Hinks on October 22, 2015. Doc. 13 at 2. Plaintiff argues that a default judgment is appropriate because defendant Hinks failed to answer the complaint by the November 11, 2015 deadline. Doc. 8 at 2. Defendant Hinks opposes the motion on the ground that the person served was not his "authorized agent," and that service was therefore insufficient. Doc. 10 at 1.

Plaintiff attempted to serve defendant Hinks via a professional process server, who delivered service to Justin Combs, a business development associate at Symbion in Washington, D.C. *See* Doc. 5. Plaintiff states that Justin Combs told the process server that he was authorized to receive service for Hinks, and was therefore Hinks' "apparent authorized agent." Doc. 12 at 2. Plaintiff argues that defendant Hinks has received constructive notice of the case, and that "[u]nder the objective circumstances service of process was in compliance with Rule 4(e)(2)(c)." *Id.* Defendant Hinks submitted an affidavit from Patrick Omeke, general counsel for Symbion Power, LLC, stating that Mr. Combs "is not authorized to accept service of process for Paul Hinks, Symbion, or any employee or agent of Symbion." Doc. 10-1 at 2. Defendant Hinks asks the court to either quash the defective service of process, or to dismiss all claims against him, pursuant to FED. R. CIV. P. 12(b)(4). Doc. 9 at 1.

A plaintiff may serve a defendant in the United States by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(c). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable

2

provision of law." *Kizzar v. Richardson*, 2009 WL 2951061, at *5 (D.N.M. Aug. 14, 2009) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).

Here, plaintiff has failed to show that Mr. Combs was an agent authorized to receive service for defendant Hinks. Plaintiff's argument that Mr. Combs was an apparent agent is not sufficient to meet the requirements of FED. RULE CIV. P. 4(e)(2)(c). "The agent's acceptance of service, or his own statement as to his authority, is insufficient, standing alone, to establish authorization to receive process." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882 (Fed. Cir. 1997) (citing 2 MOORE'S FEDERAL PRACTICE ¶ 4.10[4], at 4–176); *see also Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) ("An agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal."). Plaintiff's service of defendant Hinks was, therefore, deficient.

When service is deficient, this Court has the discretion to dismiss the action, or to retain the case and quash the defective service. *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). Dismissal may be appropriate if it appears unlikely that plaintiff will be able to properly serve the defendant. *Id.* However, in general, when the Court finds that service is insufficient but curable, it should quash the service and give plaintiff an opportunity to re-serve defendant. *See Gregory v. U.S./U.S. Bankr. Court for Dist. of Colorado,* 942 F.2d 1498, 1500 (10th Cir. 1991); *see also Martinez-Jones v. Dulce Indep. Sch., No.*, 2008 WL 2229457, at *7 (D.N.M. Mar. 14, 2008). In the instant case, plaintiff thought he had properly served defendant Hinks, in large part due to Mr. Comb's statement that he was authorized to receive service. In addition, plaintiff asserts he will be able to properly re-serve defendant Hinks if the Court orders him to do so. Accordingly, I recommend the Court quash the October 22, 2015 service on defendant Hinks; and allow plaintiff an additional forty-five days to properly serve defendant Paul Hinks.

I recommend that:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 8) be DENIED;

2. Defendant Paul Hinks' Motion to set aside the Clerk's Default Judgment be GRANTED;

    the service of process on defendant Hinks made on October 22, 2015 be QUASHED; and

    the Court allow plaintiff forty-five (45) days to properly serve defendant Paul Hinks.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge