IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH WILSON,

    Plaintiff,

v.                                                                  1:15-cv-00853-MV-LF

PAUL HINKS, RICHARD WESTBURY,
SYMBION POWER, LLC, HART INTERNATIONAL,
And its successor, CHELSEA HOLDINGS,

    Defendant.

SYMBION POWER, LLC,

    Counterclaimant,

v.

JOSEPH WILSON,

    Counterclaim-Defendant.

## **ORDER GRANTING IN PART APPLICATION FOR ATTORNEY'S FEES**

THIS MATTER comes before the Court on defendants/counterclaimants Paul Hinks and Symbion Power, LLC's (collectively "Symbion") Application for Attorney's Fees filed on July 6, 2017. Doc. 72. Plaintiff Joseph Wilson filed objections to the application on July 20, 2017. Doc. 74. Symbion filed a reply in support of its application on August 3, 2017. Doc. 76. Having reviewed the submissions of the parties and the relevant law, I find that the application is well taken in part and GRANT it in part and DENY it in part.

    **I.**     **Background**

On June 16, 2017, this Court issued its Order Imposing Sanctions against Mr. Wilson based on an email Mr. Wilson sent following a confidential settlement conference. Doc. 71. In

its order, the Court found that Mr. Wilson violated the Court's orders and otherwise engaged in misconduct. *Id.* Accordingly, the Court ordered Mr. Wilson to pay the reasonable attorney's fees and costs Symbion incurred in bringing their motion for a protective order, the motion for sanctions, and in complying with the Court's order. Doc. 71 at 9. The Court further ordered Symbion's attorneys to file an application for fees including an affidavit that described their reasonable attorney's fees and costs. *Id.* The Court now addresses that application.

## II. Discussion

The Court may award attorney's fees and costs based on its inherent authority to punish a litigant for misconduct and abuse of the judicial process. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015). "[W]here a monetary sanction rests in substantial portion on a court's inherent authority to punish a party for bad-faith conduct unreachable by statute or rule, as it did here, a court need not attribute a portion of the assessment to any particular statute or rule." *Id.* at 1257. Sanctions may include payment of the other party's reasonable expenses incurred because of having to file a motion for sanctions, including attorney's fees. *White v. GMC*, 908 F.2d 675, 679 (10th Cir.1990). Nevertheless, "[w]here a court sanctions a recalcitrant party for his abuse of process by an award of fees and costs," the Court must use sound principles to govern its award of fees and costs. *See Farmer*, 791 F.3d at 1259.

> First, the amount of fees and costs awarded must be reasonable. Second, the award must be the minimum amount reasonably necessary to deter the undesirable behavior. And third, because the principal purpose of punitive sanctions is deterrence, the offender's ability to pay must be considered. Depending on the circumstances, the court may consider other factors as well, including the extent to which bad faith, if any, contributed to the abusive conduct.

*Id.* (citing *White*, 908 F.2d at 684–85).

There are two elements to the reasonableness inquiry: first, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the starting point for determining the reasonable amount of attorney's fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate (the "loadstar" amount). *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The Court has an obligation to exclude hours not "reasonably expended" from the loadstar calculation. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

In support of its application for fees, Symbion submitted the affidavit of Stephen Hamilton, the attorney of record in this case, and a declaration of R. Scott Greathead. Mr. Greathead is Symbion's outside counsel and is licensed to practice law in New York. Doc. 72-2 at 1. Mr. Greathead is not licensed in New Mexico, however, and has not entered an appearance in this case. The Court will only allow fees from the attorneys (and the associates in their firm) who have entered an appearance in the case. Mr. Greathead has not participated as counsel of record in this case, and Mr. Wilson could not have anticipated that he would be responsible for paying Mr. Greathead's fees as a sanction. In the Court's view, Mr. Greathead's role as corporate counsel to Symbion makes him more akin to the client, rather than the attorney litigating this case. Therefore, I will not include Mr. Greathead's fees as part of the sanction against Mr. Wilson.[1]

---

[1] Defendants argue that "[p]laintiff has cited no authority that bars Defendants from seeking an award of reasonable fees incurred for Mr. Greathead's services . . .because he has not 'entered an appearance in this case.'" Doc. 76 at 3. Conversely, defendants have not submitted any legal authority that they are entitled to fees for Mr. Greathead's services although he has not entered an appearance in this case. The Court has not found any such authority.

Mr. Hamilton, however, is counsel of record. He spent 32.3 hours, and an associate from his firm spent 9 hours—for a total of 41.3 hours—working on the motion for sanctions and drafting the protective order, and complying with the Court's order. Doc. 72-1. Mr. Hamilton is billed at rate of $300.00 per hour, and his associate is billed at a rate of $200.00 per hour. *Id*. at 4. Mr. Hamilton also incurred $264.58 in expenses. *Id.* Accordingly, Mr. Hamilton seeks fees and costs in the amount of $12,684.75.[2] I find that the number of hours and the rate billed per hour by Mr. Hamilton and his associate are reasonable.[3] I also find the expenses incurred are reasonable.

Because the primary purpose of sanctions is to deter misconduct, as opposed to compensating the opposing party, "the amount of sanctions is appropriate only when it is the minimum that will serve to adequately deter the undesirable behavior." *White*, 908 F.2d at 684 (internal quotation and citation omitted). I find that the amount of $12,684.75 is the minimum that will serve to adequately deter Mr. Wilson from future misconduct.

"The offender's ability to pay must also be considered, not because it affects the egregiousness of the violation, but because the purpose of monetary sanctions is to deter attorney and litigant misconduct." *Id.* In the order imposing sanctions, the Court found:

> Mr. Wilson bears full responsibility for his email. There is no question that Mr. Wilson alone, without consulting his attorneys, sent this threatening and profane email to Mr. Hinks and his attorney, with copies to other potential witnesses, to express his anger and frustration at them for refusing to settle the case on his terms, and to attempt to intimidate them into taking a different course.

---

[2] This amount includes attorney's fees, costs, and tax. Doc. 72-1 at 4. This amount also includes the additional $300 fee referenced in paragraph 3 of Mr. Hamilton's affidavit for preparing the protective order. *See* Doc. 72-1 at 1.

[3] Mr. Wilson argues in his objections that Mr. Hamilton and Mr. Greathead's charges are duplicative. Because the Court only is awarding fees for Mr. Hamilton's work, the fact that some of his work may have been duplicated by Mr. Greathead is of no concern.

4

Doc. 71 at 7. Mr. Wilson was solely responsible for his misconduct and he does not present any evidence or argument that he is unable to pay the sanction. Accordingly, I find that Mr. Wilson is able to pay a sanction in the amount of $12,684.75.

IT IS THEREFORE ORDERED that defendants Paul Hinks and Symbion Power, LLC's Application for Attorney's Fees is GRANTED in part and DENIED in part as follows:

Mr. Wilson, as the sole person responsible for his misconduct, will personally pay defendants Paul Hinks and Symbion Power, LLC, the amount of $12,684.75, for their attorney's fees and costs as a sanction for the misconduct described in my Order Imposing Sanctions (Doc. 71), no later than November 6, 2017. The application is otherwise DENIED.

_____
Laura Fashing
United States Magistrate Judge